**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**FORT PIERCE DIVISION**

WHITE CAP, L.P.,                                          CASE NO.: 2:23-CV-14248-JEM

    Plaintiff,

v.

HEYDEN ENTERPRISES, LLC d/b/a
HEYDEN SUPPLY, BRIAN WELSH,
MIGUEL RIVAN, WAYNE ROSENBLUM,
TIMOTHY KAVNEY, AND GOMER
BLACK, JR.,

    Defendants.
_____/

**DEFENDANTS HEYDEN ENTERPRISES, LLC d/b/a HEYDEN SUPPLY, BRIAN WELSH, MIGUEL RIVAN, WAYNE ROSENBLUM, AND TIMOTHY KAVNEY'S MOTION FOR CLARIFICATION OF PAPERLESS ORDER GRANTING PLAINTIFF'S EXPEDITED MOTION TO COMPEL REGARDING FIRST SET OF DISCOVERY REQUESTS [ECF NO. 262]**

CASE NO.: 2:23-CV-14248-JEM

Defendants, HEYDEN ENTERPRISES, LLC d/b/a HEYDEN SUPPLY ("Heyden Supply"), BRIAN WELSH ("Welsh"), MIGUEL RIVAN ("Rivan"), WAYNE ROSENBLUM ("Rosenblum"), AND TIMOTHY KAVNEY ("Kavney") (collectively "Defendants") (collectively Welsh, Rivan, Rosenblum, and Kavney are referred to as "Individual Defendants"), by and through undersigned counsel, and pursuant to the Court's Order dated July 3, 2024 (ECF No. 273), hereby submit this motion for clarification of this Court's Paperless Order granting Plaintiff's Expedited Motion to Compel Regarding First Set of Discovery Requests, ECF No. 262 ("Order"). Defendants seek clarification as to whether all objections raised in response to Plaintiff's First Set of Discovery were overruled via the Order. In support of this request, Defendants state as follows:

## PROCEDURAL BACKGROUND

1. On June 4, 2024, the Court granted Plaintiff's Expedited Motion to Compel Regarding First Set of Discovery Requests ("MTC") and ordered Defendants to "provide to Plaintiff full, complete, and verified answers to Plaintiff's first set of discovery requests with particular attention to the deficiency chart attached to [Plaintiff's Expedited Motion to Compel Regarding First Set of Discovery Requests, ECF No. 256] on or before June 24, 2024." *See* Order. The Order did not address whether objections raised in response to Plaintiff's First Set of Discovery were overruled.

2. Defendants amended their responses to Plaintiff's First Set of Discovery and served them upon Plaintiff. Defendants removed objections in their amended responses. However, Defendants maintained certain objections in their amended responses. The Court's Order did not address the objections and Defendants respectfully seek to clarify whether all objections asserted in their responses were overruled.

3. Defendants provide brief argument as to certain objections that should be sustained.

## MEMORANDUM OF LAW

### I.  Defendants' Overbreadth and Undue Burden Objections

In responding to Plaintiff's first set of discovery requests ("Discovery Requests"), Defendants objected to requests that are overly broad and place an undue burden on Defendants with respect to the lack of time scope placed on the requests. *See Rosenbaum v. Becker & Poliakoff, P.A.*, 708 F.Supp.2d 1304, 1306 (S.D. Fla. 2010) (requiring the information sought in discovery to "be relevant, not overly burdensome to the responding party, and tailored to the issues involved in the particular case."); *see also SCIGRIP, Inc. v. Engineered Bonding Solutions*, LLC, 2016 WL

11566647, at *2 (M.D. Fla. Aug. 19, 2016) (denying motion to compel and sustaining the overbreadth objection where "[Plaintiff] has not shown that every product sold by [Defendant] allegedly infringed its trade secrets."). Specifically, the Individual Defendants raised objections to Plaintiff's Request for Production Nos. 1-4, 8, 14-18, and 21 and Interrogatory Nos. 1, 2, 4, 5, 6, and 10 and Heyden Supply raised objections to Plaintiff's Request for Production Nos. 1, 2, 4-8, 11-13, 15, 20, 21, 27, 30, 31, 39, 44, 45, and 47 and Interrogatory Nos. 1-8, 10-12, and 14-17 with respect to the lack of time scope placed on these requests. Defendants maintained their objections to these requests but provided Plaintiff with a proposed relevant time period—and included the same in response to the Discovery Requests—to avoid any confusion.

Defendants proposed that the relevant time period at issue in this case is January 2023 to the present for Kavney, Rivan, and Rosenblum, and May 2022 to the present for Welsh. Documents responsive to the above requests during the relevant time period have been produced by Defendants. However, as written, the broad reach of Plaintiff's requests would require the production of documents concerning information that predates the relevant time period and thus are overbroad and irrelevant.[1] Without the limitation as to time scope responses to these requests, as written, will capture a limitless amount of information and documents that are not at all relevant to the claims or defenses asserted in the present action. *See Orange Lake Country Club, Inc. v. Castle Law Group, P.C.*, 2018 WL 3390254 (M.D. Fla. 2018); *In re (Ranitidine) Products Liability Litigation*, 2020 WL 6440461 (S.D. Fla. 2020) (finding that the requesting party bears the burden of proving their request is proportional to the needs of the case).

To be clear, Defendants are not seeking to avoid producing responsive documents to Plaintiff's requests. Indeed, Defendants have provided responsive documents to these requests. Those documents produced, however, are from the time period relevant to the claims and defenses in this case. Defendants respectfully request that this Court clarify whether in addition to the responsive documents produced from the relevant time period (provided above), it must also produce additional documents from a period outside the relevant time scope.

## II.   Defendants' Relevance Objections

In responding to Discovery Requests, Defendants objected to requests that seek information that is not relevant to the instant action. *See Bad Moms, LLC v. STX Fin., LLC*, 2018

---

[1] Importantly, the Individual Defendants worked for Plaintiff until July 2023.

WL 4184535, at *2 (S.D. Fla. Aug. 31, 2018) ("Discovery should ordinarily be allowed under the concept of relevancy unless it is clear that the information sought has no possible bearing on the subject matter of the action."). Understanding that relevancy is a low bar, Plaintiff's requests nevertheless fail to meet that bar by requesting that Defendants produce information that is disproportional to the needs of this case. Specifically, the Individual Defendants raised objections to Plaintiff's Request for Production Nos. 1-3, 5-11, 13, 15-17, 19, 20, and 21 and Interrogatory Nos. 1, 2, 4, 5, 6, 10 and Heyden Supply raised objections to Plaintiff's Request for Production Nos. 3-12, 15-19, 21, 22, 24-36, 38, 39, 41-44, 50, and 51 and Interrogatory Nos. 15 and 16 as these requests sought information bearing no relevance to the claims and defenses asserted in this case and are not proportional to the needs of this case.

By way of example, Plaintiff requested from Heyden Supply "all documents produced and depositions of Heyden Supply employees or corporate representatives taken in any litigation filed by White Cap against Heyden Supply or any of its employees." Req. No. 20. Certainly, this Request has no bearing on the instant lawsuit as it is not related to the Individual Defendants or the Fort Pierce branch, but it is irrelevant and improperly seeking information to gain a tactical advantage in other cases Plaintiff has against Heyden Supply. Similarly, Plaintiff seeks "all documents evidencing or relating to any sources of outside funding, equity sale, capital infusion or new lines of credit for Heyden Supply since June 1, 2022." Req. No. 23. This request is irrelevant and not proportional to the needs of this case. For purposes of damages sought in this matter, Plaintiff is entitled to profits and revenues of the Fort Pierce branch relative to the projects alleged to have been taken by the Individual Defendants. However, Plaintiff is not entitled to Heyden Supply's sources of funding, lines of credit or capital infusion. Importantly, this request is further not limited to the Fort Pierce branch and thus Plaintiff is overbroadly seeking information for Heyden Supply as a whole that is simply not proportional to the needs of this case. The requested financial information of Heyden Supply has no relevance to the claims and/or defenses asserted in this matter and any potentially tangential relevance this information may have is far outweighed by the burden imposed on Heyden Supply to produce this highly sensitive financial information. A party's financial records are ordinarily not discoverable unless they themselves or the status that they evidence is somehow at issue in this case. *See*, *Ochoa v. Empreses ICA, S.A.B. de C.V.*, 2012 WL 13050519 at *9 (S.D. Fla. July 2, 2012). Information regarding financial

sourcing for Heyden Supply generally and for its Ft. Pierce branch has no bearing whatsoever on Plaintiff's claims.

Defendants respectfully seek that this Court sustains its relevancy objections.

### III. Defendants' Privilege Objections

In responding to Discovery Requests, Defendants objected to requests that seek documents and/or information protected by the attorney-client privilege, work product doctrine, and joint common interest doctrine. *See MapleWood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 582-83 (S.D. Fla. 2013) ("The attorney-client privilege has long been understood to protect from compelled disclosure those confidential communications between a client and the client's attorney made for the purpose of obtaining or rendering legal advice."); *see also* Fed. R. Civ. P. 26(b)(3)(A) ("Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative."); *Fojtasek v. NCL (Bahamas) Ltd.*, 262 F.R.D. 650, 654 (S.D. Fla. 2009) ("[T]he joint defense doctrine is an extension of the work product doctrine and allows parties facing a common litigation opponent to exchange privileged communications and attorney work product in order to prepare a common defense without waiving either privilege."). Specifically, the Individual Defendants raised objections to Plaintiff's Request for Production Nos. 1-5, 9-11, 13, 15-17, 19-21, and 22 and Interrogatory No. 12 and Heyden Suppply raised objections to Plaintiff's Request for Production Nos. 1-5, 7, 8, 11, 12, 16-19, 24-26, 40-43 and 49-51 and Interrogatory Nos. 1, 3, and 8 to the extent they seek documents and/or information protected by the attorney-client privilege, work product doctrine, and/or joint common interest doctrine.

By way of example, Plaintiff has requested that the Individual Defendants "[p]roduce all text messages and chat communications between [them] and anyone else relating to White Cap, Heyden, building supplies, credit applications, pricing, takeoffs, placement plans, or rebar fabrication since June 1, 2023." Responsive documents to this and those requests indicated above include communications and documents that fall within one or more of the enumerated privileges and protections. Specifically with regard to the request detailed above, there are communications between the Individual Defendants and their counsel, whether current or former, that would be responsive to this request but are rightfully protected from production. Additionally, Plaintiff requested that Heyden Supply "[p]roduce all internal strategy documents since January 1, 2022 that relate to or discuss Heyden Supply's lateral hiring strategy, trade secrets, or restrictive

covenants." Certainly, documents relative to hiring strategy, restrictive covenants, and trade secrets encompass attorney/client communications between Heyden Supply and its corporate counsel in addition to protected intellectual property that has no relevance to the issues in dispute. Plaintiff has not specifically requested that responsive documents exclude those protected communications. Defendants have produced a privilege log. Accordingly, Defendants seek to clarify whether these privilege objections were overruled by the Order.

IV. **Heyden Supply's Confidential Information Protected From Production and Irrelevant (Request for Production Nos. 8, 24-26, and 44 and Interrogatory Nos. 2, 6, 9, 11, 12, 14, 16, and 17)**

Through the above-mentioned requests, Plaintiff seeks to obtain highly sensitive financial information regarding Heyden Supply generally. It is Heyden Supply's position that the requested information is highly confidential and protected from production where the information requested does not solely concern Heyden Supply's Ft. Pierce branch. Heyden Supply acknowledges that in order to establish its entitlement to disgorgement, Plaintiff is entitled to Ft. Pierce branch's gross revenue and profits relative to the projects allegedly taken by the Individual Defendants. *See Ordonez-Dawes v. Turnkey Properties, Inc.*, 2008 WL 828124 (S.D. Fla. March 27, 2008). Plaintiff, however, is not entitled to receive discovery related to the profits and revenue of all other Heyden Supply branches. Nevertheless, Plaintiff requests Heyden Supply "[p]roduce Heyden Supply's balance sheets, monthly revenue, profit and loss statements, and any similar aggregation of financial information from June 1, 2022, to the present." This request necessarily compasses the financial information of Heyden Supply branches that are wholly irrelevant to the case at bar. Accordingly, Heyden Supply requests this Court clarify whether it must produce sensitive and confidential financial information for Heyden Supply branches that are not at issue in this action and are therefore irrelevant to the claims and defenses asserted herein.

**WHEREFORE**, Defendants, HEYDEN ENTERPRISES, LLC d/b/a HEYDEN SUPPLY, BRIAN WELSH, MIGUEL RIVAN, WAYNE ROSENBLUM, AND TIMOTHY KAVNEY, respectfully request that this Court clarify its Order pertaining to Defendants' objections to Plaintiff's First Set of Discovery, and to respectfully sustain Defendants' objections to Plaintiff's First Set of Discovery and grant any further relief this Court deems just and proper.

CASE NO.: 2:23-CV-14248-JEM

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(a)(3)(A)

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for Heyden Supply and the Individual Defendants has conferred with Plaintiff's counsel on July 22, 2024, and July 23, 2024, regarding this Motion. Plaintiff opposes the Motion and the relief sought.

Dated: July 25, 2024

Respectfully Submitted,

**COLE, SCOTT & KISSANE, P.A.**
*Counsel for Heyden Enterprises, LLC d/b/a Heyden Supply, Brian Welsh, Timothy Kavney, Wayne Rosenblum, and Miguel Rivan*
Esperanté Building
222 Lakeview Avenue, Suite 120
West Palm Beach, Florida 33401
Telephone: (561) 612-3459
Facsimile: (561) 683-8977
Email: justin.levine@csklegal.com
Email: lizza.constantine@csklegal.com
Email: treana.thompson@csklegal.com

By: */s/ Lizza Constantine*
JUSTIN B. LEVINE
Florida Bar No.: 10966
LIZZA C. CONSTANTINE
Florida Bar No.: 1002945
TRE'ANA L. THOMPSON
Florida Bar No.: 1031361

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 25th day of July 2024, a true and correct copy of the foregoing has been furnished by electronic filing with the Clerk of the court via CM/ECF, which will send notice of electronic filing to all counsel of record.

By: */s/ Lizza Constantine*
LIZZA CONSTANTINE
Florida Bar No.: 1002945