IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO. 23-14248-CIV-MARTINEZ-MAYNARD

WHITE CAP, L.P.,

    Plaintiff,

v.

HEYDEN ENTERPRISES, LLC,
d/b/a HEYDEN SUPPLY, BRIAN WELSH,
MIGUEL RIVAN, WAYNE ROSENBLUM,
TIMOTHY KAVNEY, and GOMER BLACK, JR.,

    Defendants.
_____/

### ORDER AFFIRMING MAGISTRATE JUDGE'S ORDER

**THIS MATTER** comes before the Court upon a Notice of Appeal of Non-Dispositive Ruling (hereinafter, "Objections"), (ECF No. 317), filed by Heyden Enterprises LLC d/b/a Heyden Supply, Brian Welsh, Miguel Rivan, Wayne Rosenblum, and Timothy Kavney (collectively, "Heyden Defendants"). The Court has considered the Objections, reviewed the record, and is otherwise fully advised in the premises. For the reasons stated herein, the Objections are **OVERRULED** and Magistrate Judge Maynard's Order, (ECF No. 305), is **AFFIRMED**.

### LEGAL STANDARD

"Any party may appeal from a Magistrate Judge's order determining a motion or matter . . . within fourteen (14) days after being served with the Magistrate Judge's order." S.D. Fla. L.R. 4(a)(1). "The District Judge shall consider the [objections] and shall set aside any portion of the Magistrate Judge's order found to be clearly erroneous or contrary to law." *Id.* "Clear error is a highly deferential standard of review." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d

1

1325, 1350 (11th Cir. 2005) (citation omitted). An order is clearly erroneous if "the reviewing court, after assessing the evidence in its entirety, is left with a definite and firm conviction that a mistake has been committed." *Krys v. Lufthansa German Airlines*, 119 F.3d 1515, 1523 (11th Cir. 1997). "In the absence of a legal error, a district court may reverse only if there was an 'abuse of discretion' by the magistrate judge." *S.E.C. v. Merkin*, 283 F.R.D. 699, 700 (S.D. Fla. 2012) (citing *Cooter & Gell v. Hartmax Corp.*, 49 U.S. 384, 404 (1990)).

## BACKGROUND

On June 4, 2024, Magistrate Judge Maynard ordered the Heyden Defendants to "provide to Plaintiff full, complete, and verified answers to Plaintiff's first set of discovery requests . . . **on or before June 24, 2024**." (ECF No. 262). Over one month later, as the Heyden Defendants had yet to comply with the order, Judge Maynard issued a second order requiring, in part, that the Heyden Defendants "file any motion for protective order/clarification, if deemed appropriate, regarding responsive documents or information they seek to withhold from production." (ECF No. 273). In response to that order, the Heyden Defendants filed seven motions for clarification and protective orders (ECF Nos. 278, 279, 280, 281, 282, 283, and 284) that were stricken because the motions contained "substantial overlap and needless duplication" and failed to certify compliance with Local Rule 7.1(a)(3). (*See* ECF No. 288). Following this, the Heyden Defendants filed a Motion for Clarification, (ECF No. 290), and a Motion for Protective Order, (ECF No. 291). Judge Maynard granted in part and denied in part both Motions in an omnibus order, (ECF No. 305). The Heyden Defendants now object to certain findings and conclusions in that order regarding the scope of the financial net worth discovery ordered to be produced in response to Plaintiff's punitive damages claim. Specifically, the Heyden Defendants object to the following paragraph:

> However, I find that certain of Heyden Supply's financial documents are relevant to the punitive damages claim. Plaintiff's RFP No. 26 seeks "Heyden Supply's balance sheet, monthly revenue, profit and loss statements, and any similar aggregation of financial information from June 1, 2022, to the present." DE 297-2 at 19. The Heyden Defendants have agreed to produce this requested information but only beginning in June 2023. DE 301 at 5. This unilaterally-imposed temporal limitation is unjustified. Also, to the extent Defendants maintain that Plaintiff is only entitled to financial information "of the Fort Pierce branch relative to the projects alleged to have been taken by the individual Defendants," DE 290 at 4, I disagree. Plaintiff is entitled to company-wide information, not just one branch. RFP No. 26's request for company-wide information from June 2022 to present coincides with what the case law generally allows. I therefore order Heyden Supply to produce to Plaintiff its company-wide balance sheets, monthly revenues, and profit and loss statements, from June 1, 2022, to the present.

(ECF No. 305 at 9–10).

The Heyden Defendants contend that Judge Maynard erred by failing to limit financial net worth discovery both jurisdictionally and temporally. (*See generally* ECF No. 305). For the reasons stated herein, the Court disagrees with the Heyden Defendants.

### DISCUSSION

First, the Heyden Defendants argue that company-wide financial net worth is irrelevant to Plaintiff's claim for punitive damages because Plaintiff's Amended Complaint alleges conduct that occurred in Ft. Pierce. (Objections at 3). The Heyden Defendants claim that "the United States Supreme Court has imposed a territorial limitation on punitive damages discovery" and cite *BMW of North Am., Inc. v. Gore*, 517 U.S. 559, 572–74 (1996). (Objections at 5). However, in *Gore*, the Supreme Court did not address territorial limitations on punitive damages discovery. Rather, *Gore* correctly recognized that a state could not base a punitive damages award on evidence related to lawful conduct in other states. *Id.* at 575.

As Judge Maynard noted—and the Heyden Defendants acknowledged—discovery of the Heyden Defendants' financial net worth is relevant to Plaintiff's punitive damages claim. (ECF 305 at 9); (Objections at 2). "[W]here there is a claim for punitive damages, 'a defendant's

3

financial condition becomes relevant because the wealth of the defendant is a factor for consideration in determining the reasonableness of a punitive award.'" *McGennis v. Sedgwick Claims Mgmt. Servs., Inc.*, No. 21-CV-60470, 2021 WL 4170455, at *1 (S.D. Fla. Sept. 14, 2021) (quoting *Rafael Hurtado v. Balerno Int'l Ltd.*, 17-32200-CIV, 2019 WL 917404, at *2 (S.D. Fla. Feb. 25, 2019). *See Gottwald v. Producers Grp. I, LLC*, 2013 WL 1776154, at *3 (S.D. Fla. Apr. 25, 2013) ("Because [plaintiff] has pressed a claim for punitive damages, evidence of the defendants' financial worth is relevant to his claim."). A determination of a potential punitive award's reasonableness requires knowledge of the Heyden Defendants' financial worth—not just the financial condition of the Heyden Defendants' Ft. Pierce branch. To allow company-wide financial net worth discovery is compatible with what the case law allows. The Court finds no error in Judge Maynard's decision that Plaintiff is entitled to company-wide financial worth information—not just financial worth information from the Ft. Pierce branch.

Second, the Heyden Defendants argue that discovery of financial net worth information beginning in June 2023 rather than June 2022 is justified "as this is when the Ft. Pierce branch was about to open." (Reply at 2). "Although financial worth discovery is relevant, the scope of such discovery is within the discretion of the court." *Alexander v. Allen*, No. 2:13-cv-885-FtM-29CM, 2014 WL 3887490, at *2 (M.D. Fla. Aug. 7, 2014) (citing *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1368 n.37 (11th Cir.1997)). "There is generally no binding authority limiting discovery of financial net worth information to a certain period; rather, the time period must be reasonable given the factual circumstances of the case." *Id.* It is reasonable—and consistent with existing caselaw—to allow discovery from June 2022 to present. The Heyden Defendants' argument assumes that discovery of financial net worth information is limited to Ft. Pierce—which it is not. Company-wide financial net worth discovery is relevant to Plaintiff's punitive damages claim to

4

assess the reasonableness of a potential damages award. The Court find no clear error in Judge Maynard's decision that the Heyden Defendants' "unilaterally-imposed temporal limitation is unjustified." (ECF No. 305 at 10).

## CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that:

1. Defendants' Objections to the Order, (ECF No. 317), are **OVERRULED**.

2. Magistrate Judge Maynard's Order, (ECF No. 305), is **AFFIRMED**.

DONE and ORDERED in Chambers at Miami, Florida this 21 day of October 2024.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Maynard
All counsel of record