UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case Number: 23-14248-CIV-MARTINEZ-MAYNARD

WHITE CAP, L.P.,

    Plaintiff,

v.

HEYDEN ENTERPRISES, LLC d/b/a
HEYDEN SUPPLY, BRIAN WELSH,
MIGUEL RIVAN, WAYNE ROSENBLUM,
TIMOTHY KAVNEY, and GOMER BLACK,
JR.,

    Defendants.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

THIS MATTER was referred to the Honorable Shaniek Mills Maynard, United States Magistrate Judge for a Report and Recommendation ("R&R") on Plaintiff's Motion for Sanctions, for a Hearing, and for a Show-Cause Order ("Motion"), (ECF No. 329). (ECF No. 356). Judge Maynard filed an R&R, (ECF No. 412), recommending that the Motion be **GRANTED in part and DENIED in part**. Specifically, Judge Maynard recommended that (1) Defendant Timothy Kavney's Answer to the Complaint be stricken; (2) Kavney be required to pay Plaintiff $50,000.00 as reimbursement for the expenses incurred by Plaintiff to address Kavney's misconduct and as a sanction against Kavney for his willful misrepresentations and false statements throughout this litigation and in connection with these show cause proceedings; and (3) Plaintiff's request to impose sanctions on Kavney's current defense counsel, Cole Scott & Kissane, be denied. (ECF No. 412 at 2). Defendant Kavney filed objections to the R&R ("Objections"), (ECF No. 425), to which Plaintiff responded, (ECF No. 446), and Defendant Kavney replied, (ECF No. 462).

Defendant Kavney presents two objections to Judge Maynard's R&R: (1) Striking his answer is too severe of a sanction, and (2) Plaintiff was not prejudiced by Kavney's deletion of his emails. (ECF No. 425 at 2). Plaintiff responds that striking Kavney's Answer is not too severe because Kavney may still argue that Plaintiff does not prevail, even if he has admitted the allegations in Plaintiff's Complaint. (ECF No. 446 at 1–2). Plaintiff also notes that Kavney's objection as to the proposed sanction's severity "entirely fails to address that the Magistrate Judge also found that White Cap was prejudiced by Kavney lying in discovery responses and sworn submissions to the Court." (*Id.* at 2). Plaintiff notes that Kavney fails to address Judge Maynard's determination "that he was not credible." (*Id.*). Defendant does not directly reply to Plaintiff's response, and instead reiterates that the sanction of striking his Answer is not proportional to his misconduct and that Plaintiff is not prejudiced because it "had possession of these emails since very early on in this litigation." (ECF No. 462 at 3–4).

This Court has a duty to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b). It also may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The Court, having conducted a *de novo* review of the record, **AFFIRMS** and **ADOPTS** the R&R and overrules Defendant Kavney's objections for the reasons stated herein.

Before a case-terminating sanction may be entered, a court must find that: (1) Defendant acted willfully or in bad faith; (2) Plaintiff was prejudiced by Defendant's conduct; and (3) lesser sanctions would not serve the goals of punishment and deterrence. *Telectron, Inc. v. Overhead Door Corp.*, 116 F.R.D. 107, 131 (S.D. Fla. 1987). Here, all three elements are established.

"Bad faith exists when the court finds that a fraud has been practiced upon it, or that the very temple of justice has been defiled, . . . or where a party or attorney knowingly or recklessly raises a frivolous argument, delays or disrupts the litigation, or hampers the enforcement of a court order."

*Allapattah Servs., Inc. v. Exxon Corp.*, 372 F. Supp. 2d 1344, 1373 (S.D. Fla. 2005) (internal citation omitted). "In determining whether sanctions should be awarded under the bad faith standard, 'the inquiry will focus primarily on the conduct and motive of a party, rather than on the validity of the case.'" *Barash v. Kates*, 585 F. Supp. 2d 1347, 1362 (S.D. Fla. 2006) (quoting *Rothenberg v. Sec. Mgmt. Co., Inc.*, 736 F.2d 1470, 1472 (11th Cir. 1984)). Defendant Kavney has repeatedly provided false answers and failed to correct them throughout this litigation—despite a Court order directing him to do so. (*See* ECF No. 412 at 2–10). Kavney admitted in his deposition and at the show cause hearing held by Judge Maynard that he intentionally destroyed relevant evidence while the lawsuit was pending. (*See id.* at 13). Kavney's intentional destruction of evidence, compounded by his repeated, knowing false statements under oath, amounts to bad faith.

Kavney's misconduct clearly prejudiced Plaintiff. Kavney's argument that Plaintiff is not prejudiced because it has possession of the destroyed e-mails is unconvincing. Not only did Judge Maynard find that Kavney was not credible (a finding that Kavney does not dispute), but there is no evidence to support this claim. The parties—and the Court—"cannot trust that [Kavney has] produced, or will ever produce, all discoverable evidence." *Bernal v. All Am. Inv. Realty, Inc.*, 479 F. Supp. 2d 1291, 1339 (S.D. Fla. 2007); *see also Forsberg v. Pefanis*, 634 F. App'x 676, 680 (11th Cir. 2015) (quoting *Jaffe v. Grant*, 793 F.2d 1182, 1190 (11th Cir.1986)) ("Prejudice can consist of having to 'vigorously attempt [ ] to pry . . . information' from the deceitful party . . . .").

Finally, lesser sanctions will not be effective here. Defendant Kavney has been sanctioned in this case, and those lesser sanctions have failed to secure Kavney's complete and truthful participation in discovery. (*See* ECF No. 262). Further, an adverse presumption would be an inadequate remedy here as Kavney's misconduct compromises the truthfulness of the overall discovery process. Such severe sanctions are particularly appropriate here not only to "penalize those whose conduct may be deemed to

warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent." *Mathews v. Moss*, No. 09-22117-CV, 2011 WL 13134350, at *3 (S.D. Fla. Sept. 13, 2011), *aff'd*, 506 F. App'x 981 (11th Cir. 2013) (quoting *Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 643 (1976)).

In sum, Kavney's continued and intentional misconduct throughout this case warrants the sanctions recommended by Judge Maynard. *See Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (affirming decision to strike answers and counterclaims based on defendant's pattern of delay and refusal to obey court orders, and to deter others from flouting discovery orders). Accordingly, after careful consideration, it is hereby:

**ADJUDGED** that United States Magistrate Judge Maynard's Report and Recommendation, (ECF No. 412), is **AFFIRMED** and **ADOPTED**. Accordingly, it is:

**ADJUDGED** that

1. Plaintiff's Motion, (ECF No. 329), is **GRANTED in part and DENIED in part**.
2. Defendant Timothy Kavney's Objections, (ECF No. 425), are **OVERRULED**.
3. Defendant Timothy Kavney's Answer, (ECF No. 29), is **STRICKEN** solely as to Timothy Kavney.
4. Plaintiff is **AWARDED $50,000** to be paid by Defendant Timothy Kavney as reimbursement for Plaintiff's reasonable fees and costs incurred in connection with the misconduct described Judge Maynard's R&R and as a sanction against Kavney.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 6 day of February, 2025.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Maynard
All Counsel of Record